IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMION BRYAN,** | : | CIVIL NO. 1:12-CV-372 |
| | : | |
| Petitioner, | : | (Judge Caldwell) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **UNITED STATES CITIZENSHIP** | : | |
| **AND IMMIGRATION SERVICES** | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

I.  **Statement of Facts and of the Case**

This case involves a habeas corpus petition filed on February 28, 2012, by Damion Bryan, a federal prisoner serving a 46-month sentence for illegal re-entry by a previously deported alien. (Doc. 1.) In his habeas corpus petition Bryan invites us to act upon a request for derivative citizenship which he has unsuccessfully presented to immigration officials. Specifically, Bryan seems to be challenging the decision of immigration authorities to deny his Application for Certificate of Citizenship in which he claimed that he derives citizenship through his father. (Id.) Attached to the petition is a copy of the immigration decision which denied Bryan citizenship. (Doc. 1 (Pet.); Ex. A (USCIS Decision)).

The Respondents have now addressed this petition, arguing that the claim of derivative citizenship which Bryan is endeavoring to advance falls beyond the proper

1

scope of this Court's habeas corpus jurisdiction. (Doc. 10.) This petition is now fully briefed, (Docs. 1, 10, and 11), and ripe for resolution. For the reasons set forth below, it is recommended that the petition be denied.

## II. Discussion

To the extent that Bryan invites this Court, in the guise of a federal habeas corpus petition, to weigh into a dispute regarding his entitlement to derivative citizenship, the Petitioner fundamentally misconstrues the scope of our federal habeas corpus jurisdiction in such immigration matters. The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined purpose. The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration and lawfulness of that custody. As the United States Court of Appeals for the Third Circuit has aptly noted: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' " Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv. L.Rev. 1551, 1553 (2001)." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In cases like this, however, where an inmate is seeking a judicial finding that he is, in fact, a derivative citizen of the United States, apparently as part of some challenge the legality of his conviction and sentence for an immigration offense, the grounds such a claim can only be brought through a petition filed with the United States Court of Appeals. In 2005, Congress enacted the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, codified at 8 U.S.C. § 1252, which eliminated the district courts' habeas corpus jurisdiction over final removal orders in almost all cases. This principle applies with particular and specific force to habeas corpus petitions by criminal aliens who wish to challenge the denial of a claim of derivative citizenship, which is precisely what Bryan is attempting to do in this case.

This issue was addressed by the United States Court of Appeals for the Third Circuit in Jordon v. Attorney General of the United States, 424 F.3d 320 (3d Cir. 2005). In Jordon, the appellate court was confronted with precisely the same situation presented by Bryan: A claim of derivative citizenship advanced by a federal prisoner serving a sentence for illegal re-entry. In clear and precise terms, the court of appeals held that, under the REAL ID Act, such claims could not be brought by habeas corpus petitions but rather must be presented to the court of appeals. As the court of appeals observed:

> Several provisions of 8 U.S.C. § 1252 (both pre- and post-REAL ID Act) make the courts of appeals, not district courts, the first and often last

> judicial arbiter of nationality claims . . . . The REAL ID Act, which became law just days after argument in this case on May 11, 2005, allows us to avoid the dense thicket of habeas jurisdiction over nationality claims. The REAL ID Act amended 8 U.S.C. § 1252 in several pertinent respects. First and foremost, it made petitions for review filed with the court of appeals the "sole and exclusive means for judicial review of" most orders of removal, including the order of removal at issue here. *See* 8 U.S.C. § 1252(a)(5) (1999 & Supp.2005); Bonhometre v. Gonzales, 414 F.3d 442, 445 (3d Cir.2005). In so doing, the Act expressly eliminated district courts' habeas jurisdiction over removal orders. Id.; see also Kamara v. Attorney General of the United States, 420 F.3d 202, 208 (3d Cir.2005). At the same time, the Act also enlarged our jurisdiction, stating that none of its provisions "which limit[ ] or eliminate[ ] judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (2005); Bonhometre, 414 F.3d at 445. We have explained that this amendment evidences Congress's "intent to restore judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders. This now permits all aliens, including criminal aliens, to obtain review of constitutional claims and questions of law upon filing of a petition for review with an appropriate court of appeals." Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir.2005).

Jordon v. Attorney General of United States, 424 F.3d 320, 326-27 (3d Cir. 2005).

See, e,g., Chuva v. Attorney General, 424 F.App'x 176 (3d Cir. 2011)(district court properly dismissed habeas corpus petition which raised derivative citizenship claim, in favor of REAL ID Act review by court of appeals); Perez v. Attorney General, 391 F.App'x 1000 (3d Cir. 2010)(appellate court review of derivative citizenship claim); Rodrigues v. Attorney General, 321 F.App'x 166 (3d Cir. 2009)(same).

In sum, requests by alien inmates to adjudicate claims of derivative citizenship fall beyond the habeas corpus jurisdiction of this Court. Instead, those claims must under the REAL ID Act be addressed to the court of appeals. Therefore, it is recommended that the instant petition for writ of habeas corpus, which presents a derivative citizenship claim, be dismissed without prejudice to the filing of a proper petition with the court of appeals.

### III.   Recommendation

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, IT IS RECOMMENDED that the instant petition for writ of habeas corpus, which presents a derivative citizenship, be DISMISSED without prejudice to the filing of a proper petition with the court of appeals.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only

in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of May 2012.

                                              *S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge